IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00057-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to amend which this Court finds is in fact a § 2255 motion to vacate, set aside or correct sentence. For the reasons that follow, the § 2255 motion will be dismissed as successive.

**I.     BACKGROUND**

Petitioner was convicted in this district on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of aiding and abetting with the possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to concurrent terms of 360-months' imprisonment and his judgment was affirmed on appeal.

Since his judgment became final, Petitioner has filed several § 2255 motions to vacate that have been dismissed by this Court — either on the merits or as unauthorized, successive motions under 28 U.S.C. § 2255(h) — and those dismissals have been affirmed on appeal. See, e.g., (Case No. 5:99-CV-152-RLV (W.D.N.C. Mar. 27, 2002), appeal dismissed, 46 F. App'x 188 (4th Cir. Sept. 23, 2002); 5:13-CV-00132-RLV (W.D.N.C. Oct. 9, 2013), appeal dismissed,

No. 13-7906 (4th Cir. 2014).

In the present action, Petitioner contends that he should be allowed to amend his original § 2255 motion in Case No. 5:99-CV-152 under Rule 15 of the Federal Rules of Civil Procedure. Petitioner cites the Fourth Circuit's recent 2-1 opinion in Whiteside v. United States, __ F.3d __, 2014 WL 1364019 (4th Cir. Apr. 8, 2014).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's effort to amend his initial § 2255 motion through Rule 15 of the Federal Rules of Civil Procedure must fail because district courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Petitioner's attempt to seek relief based on recent Fourth Circuit law is subject to specific limitations which will preclude such an effort unless one of the following conditions are met.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in

Section 2244 by a panel of the appropriate court of appeals to contain—

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner cannot meet either of the above conditions because his motion does not rely on newly discovered evidence and Whiteside is a Fourth Circuit case. Finally, there is no evidence that Petitioner has obtained the necessary authorization from the Fourth Circuit to file the instant § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of his § 2255 motion for relief. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to file an amendment pursuant to Fed. R. Civ. P. 15 is **DENIED**. (5:99-CV-152, Doc. No. 77).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: May 19, 2014

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge